Dwayne Farnsworth (#13209)
FARNSWORTH LAW OFFICES
1837 S. Mesa Dr., Ste. A103
Mesa, AZ 85210
Telephone: (480) 820-3600
Facsimile: (480) 820-4800
Email: fmcourt@gmail.com

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter Thirteen |
| ) | |
| George Lopez, Jr. ) | Case No. ___09-20658 PHX CGC___ |
| SS# 4446 ) | |
| ) | |
| and ) | |
| ) | CHAPTER 13 PLAN AND |
| Alice K. Lopez ) | APPLICATION FOR PAYMENT |
| SS# 4367 ) | OF ADMINISTRATIVE EXPENSE |
| ) | |
| Debtors. ) | |
| _____ ) | |

The Debtors propose the following **ORIGINAL** Chapter 13 Plan:

This Plan provides for all Creditors, whether unsecured, secured, priority, nonpriority, liquidated, unliquidated or dischargeable. However, only unsecured Creditors who **timely** file a Proof of Claim will receive payment under the Plan from the Trustee.

## 1. PROPERTY AND INCOME SUBMITTED TO THE PLAN

The Debtors shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

### a. Future Earnings or Income:

Debtors shall pay **$750.00** per month to the Trustee, on or before the _26th_ day of each month, commencing _Septemnber_, 2009.

### b. Other Property:

If any other property is submitted to the Trustee for distribution to Creditors or administrative expenses, the value of such property shall be treated as advance payments towards plan payments described in section 1.a. above.

With the exception of a hardship discharge which may be found by the Court, in no event will the Plan duration be less than thirty-six (36) months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full, 11 USC §1325(b)(1).

## 2. DURATION

This Plan shall continue for **36 months** from the first payment. If at any time before the end of this period all claims are paid, the Plan shall terminate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 3. CLASSIFICATION AND TREATMENT OF CLAIMS

Claims shall be classified and paid in the order listed below. Payments by the Trustee will be made only to those parties which have submitted a Fee Application or a Proof of Claim. The Trustee will accumulate (in trust) the payments described in section 1. above. Payments by the Trustee will commence only upon confirmation of the Plan or upon specific order of the Court, and shall be required to begin within a reasonable period of time following such confirmation by the Court.

### a. Administrative Expenses:

(1) TRUSTEE'S FEES AND COSTS - In order to cover the cost of administration, the Trustee shall receive such percentage of each plan payment as may be set and adjusted from time to time by the Attorney General pursuant to 28 U.S.C. §586(e)(1)(B). Such percentage fee shall in no event exceed ten percent.

(2) DEBTORS' ATTORNEY'S FEES - A total of $3,500.00 shall be paid to Farnsworth Law Offices prior to commencement of payments on any claims listed hereafter. In the event this case should be dismissed or converted prior to confirmation (or prior to distribution if the case is technically confirmed), such administrative claim shall be paid from plan payments prior to any other distribution, with the exception of any Trustee's fees or costs as may be awarded by the Court.

### b. Claims Secured by Real Property:

(1) LIEN RETENTION - The Creditors scheduled in this section shall retain their security interest in any real property owned by the Debtors and which properly secured the claim pre-petition.

(2) HOMESTEAD EXEMPTION - The Debtors' homestead exemption in their residential real property, and in any identifiable cash proceeds from the sale of their residential real property is allowed. Pursuant to A.R.S. Title 33 Section 1101, proceeds from the sale of the Debtors' homesteaded real property may be used in any manner, and may be transferred, encumbered, or sold without further order of this Court upon the Trustee's approval. All identifiable cash proceeds from the sale of the Debtors' homesteaded real property shall become the sole property of the Debtors to the extent of the protected equity in such property.

(3) DIRECT PAYMENT OF REGULAR ONGOING MORTGAGE - Regardless of any arrearage listed below on real property mortgages, the Debtors shall make regular monthly mortgage payments which come due post-petition, directly to the mortgage holder/Creditor. No payment shall be deemed late, and the agreement which is the basis for a claim shall not be deemed in default solely as a result of arrearages being cured under this Plan.

(4) PRE-PETITION MORTGAGE ARREARS - Pursuant to 11 U.S.C. 1322(b)(5) the Debtors shall cure pre-petition mortgage arrears through this Plan. Arrearages scheduled below are estimates and include all unpaid pre-petition regular payments, late charges, attorney fees, and those costs actually incurred by the particular mortgage lender or assignee. The estimated arrearages listed below shall be adjusted to reflect the actual arrearage at the time of Plan confirmation. Such arrears shall be paid in full with interest as required by applicable bankruptcy law pursuant to a properly filed Proof of Claim. All pre-petition mortgage arrears shall be paid prior to any other secured, unsecured, or priority debts.

The estimated arrearages are as follows:

| | | |
|---|---|---|
| Creditor: Bank of America | Amount Owed: | $175,000.00 |
| Asset: Debtor's Residence | Fair Market Value: | $112,000.00 |
| Security Interest Held: First Deed of Trust | **Current Arrears:** | $12,284.00 |
| Address of Property: 6664 E. Des Moines St. Mesa, AZ 85205 | Interest Rate: | 0% |

**c. Direct Payments to Creditors:**

The following Creditors shall be paid under the Plan directly by the Debtors for the purpose indicated, in the amount listed, and at the interval stated.

Bank of America- Debtor's Residence- First Deed of Trust- Approx Monthly Payments of $1,250.00

**d. Claims Secured by Personal Property to be Retained by Debtors:**

(1) LIEN RETENTION -The Creditors listed below shall retain their security interest in the described collateral.

(2) AMOUNT TO BE PAID - Creditors under this section shall be paid the lesser of the debt balance or the value of the property securing their claim. Payments to such Creditors shall have a value as of confirmation of the Plan which is equal to the allowed amount of the Creditor's secured claim using a discount rate of ____ unless otherwise ordered by the Court. **Payments made shall be applied toward interest first then principal.**

(3) UNSECURED TREATMENT OF CLAIMS - Any claims not specifically named in this Plan are presumed to unsecured claims. Creditors claiming a secured status shall serve a copy of its Proof of Claim, proof of security, and an objection to the Plan upon Debtors' counsel as provided by court order. In the absence of court order, the aforementioned documents shall serve a copy thereof upon Debtors' counsel no later than seven days prior to the first scheduled confirmation hearing date.

If no objections and/or Proofs of Claim are filed, and served upon Debtors' counsel as set forth above, such claims not specifically named below will be fully treated as "other unsecured claims" as defined in 3.j. below.

(4) PROOFS OF CLAIM - Failure to file an accurate and timely Proof of Claim could have serious legal and economic consequences. **THE PLAN AND ORDER SHALL NOT CONSTITUTE AN INFORMAL PROOF OF CLAIM FOR ANY CREDITOR.**

i. Those Creditors with claims scheduled below that have been separated into secured and unsecured portions shall file a Proof of Claim with the Court, which acknowledges the 11 U.S.C. §506 "Split" of such claim. The failure to observe proper procedure will result in an objection to the Proof of Claim and will necessitate the scheduling of a valuation hearing.

ii. The Creditors scheduled below shall release all liens upon the collateral relating to the underlying debt listed upon payment by the Trustee (or the Debtors or an insurance company) of all amounts allowed under 11 U.S.C. §506(a), and pursuant to the Order Confirming this Plan.

iii. If a creditor fails to file a secured claim before confirmation or files a wholly unsecured claim, the debtor(s) may delete the proposed payment of a secured claim in a proposed order confirming the plan with no additional notice. If a creditor files a secured claim in an amount less than that proposed in the Plan, then the secured claim amount will be the amount paid.

The Creditors secured by personal property are as follows:

| | | |
|---|---|---|
| Creditor: None | Balance Owed: | $0.00 |
| Security: | Fair Market Value: | $0.00 |
| | **Paid as Secured:** | $0.00 |
| | Paid as Unsecured: | $0.00 |
| *Adequate Protection Payment: $00.00 per month | Discount Rate: | 0% |

*These adequate protection payments are being provided to compensate the secured Creditor for the depreciation of the collateral during the confirmation process pursuant to <u>United Savings Association of Texas vs. Timbers of Inwood Forest Associates Ltd.</u>, 108 S. Ct.626, 629-630 (1988). These payments shall end upon confirmation as the terms of the Plan will then control. <u>In re Metz</u>, 67 B.R. 462, 467 (9th Cir. BAP 1986).

**\*\*THE FOLLOWING CREDITORS WILL HAVE THEIR SECURED ITEMS SURRENDERED, ANY UNPAID BALANCE WILL BE CLASSIFIED AS AN UNSECURED NON-PRIORITY CLAIM.**

None

**e. Secured Tax Claims:**

(1) LIEN RETENTION - The following tax claims shall be treated as secured claims as noted and shall retain their lien in the property.

(2) PAYMENT ORDER - Such claims shall be paid pro rata with claims secured by personal property. Any balance listed as unsecured shall be paid as outlined in section 3.h. below.

(3) LIEN RELEASE - Tax agencies scheduled below shall formally release all liens filed against the Debtors and their property once they have received the full amount of their allowed secured claim pursuant to the Order Confirming this Plan.

(4) DISCOUNT RATE - All claims allowed under 11 U.S.C. §506 shall be paid in full by applying a discount rate of _____ on all unpaid and outstanding amounts.

| Tax Agency | Type of Tax | Tax Period | Amount Owed | Amount Unsecured | Amount Secured |
|---|---|---|---|---|---|
| 1. None | | | | | |
| 2. | | | | | |

All secured claims shall be paid in full prior to commencement of payment of any claims listed hereafter.

**f. Priority Claims (other than taxes) & Administrative Expenses:**

The following priority claims shall be paid in full prior to the treatment of any other claims listed hereafter.

None

**g. Priority Tax Claims:**

The claims scheduled below shall be entitled to priority treatment under the Plan pursuant to 11 U.S.C. §507(a)(8). As such, these claims shall be paid only the amount actually allowed, without the application of a discount rate for present value.

| Tax Agency | Type of Tax | Tax Period | Priority Amt. Owed |
|---|---|---|---|
| 1. None | | | |
| 2. | | | |

**h. General Unsecured Tax Claims:**

All other tax claims shall share a pro rata distribution with those timely filed unsecured Proofs of Claim listed below. Any amounts not paid in full through the Plan shall be discharged. All tax liens filed against the Debtors shall be released upon 11 U.S.C. §1328(a) discharge.

| Tax Agency | Type of Tax | Tax Period | Amount Owed |
|---|---|---|---|
| 1. None | | | |
| 2. | | | |

**i. Separate Class of Unsecured Creditors:**

The following unsecured Creditors shall be paid prior to the payment of any amounts to the general class of unsecured Creditors, including those listed in section 3.h. above.

None

**j. Other Unsecured Claims:**

(1) PAYMENT OF OTHER UNSECURED CLAIMS - All other claims shall be classified as unsecured with any claims of security interests in property being avoided. The Trustee will pay holders of non-priority unsecured claims for which Proofs of Claim were timely filed, the balance of all funds received from the Debtors pro rata with all other claims in this class and section j. of the Plan. Such Creditors are not entitled to interest on their claims.

(2) DISCHARGE OF UNPAID UNSECURED CLAIMS - Upon the successful completion of all plan payments, any amounts still unpaid to this class of Creditors shall be discharged.

(3) AMOUNT TO BE PROVIDED CAN CHANGE - The amount to be provided to unsecured claims can change without notice by the time this Plan is confirmed. If an unsecured Claimant wishes to ensure that its claim receive the same payout as provided by this Plan, said Claimant must enter its appearance in this proceeding and

PDF Creator - PDF4Free v2.0          http://www.pdf4free.com

ask that it be a signatory on the confirmation order. An objection to confirmation is necessary to preserve the treatment of the claim should the proposed Order Confirming this Plan change the treatment of unsecured claims as set forth herein The amount paid on unsecured, non-priority claims under the confirmed Plan can change without further notice. For example, but not limited to, where a Creditor files a priority Proof of Claim in a greater amount than that estimated in this Plan, the Debtors may reduce the amount paid to the unsecured, non-priority class of claims. Another example is if the Debtors resolve a secured claim in an amount higher than proposed in this Plan. If an unsecured Claimant objects to this provision or any other provision in this Plan, then the Claimant must timely file an objection to confirmation.

(4) THE BEST INTEREST OF THE CREDITORS TEST IS MET BY PLAN - This Plan meets all the requirements of the Code (Title 11 U.S.C.) and achieves Chapter 7 reconciliation, as the unsecured Creditors will receive more under the Chapter 13 Plan than they would have received in a Chapter 7 liquidation.

### 4. OBJECTIONS

Any objection to this Plan by any Creditor shall be filed with the Court and served upon Debtors' counsel as required by court order. In the absence of a court order all objections shall be filed with the Court and served upon Debtors' counsel at least 7 days prior to the date set by the Court for the first hearing on confirmation of the Plan.

### 5. EFFECTIVE DATE AND VESTING

The effective date of the Plan shall be the date the Order Confirming the Plan is entered by the Court. Property of the estate shall not vest in the Debtors until discharge or dismissal of the proceeding. 11 U.S.C. §1327(b).

### 6. POST-PETITION CLAIMS

Claims allowed for post petition debts incurred by Debtors may be provided for as set forth in 11 U.S.C. §1322(a)(6).

### APPLICATION FOR ADMINISTRATIVE EXPENSE

1. The law firm of Farnsworth Law Offices has filed this Chapter 13 proceeding on behalf of the Debtors. Debtors' counsel hereby files application for approval of administrative expense pursuant to 11 U.S.C. §330. Farnsworth Law Offices also claims a state charging lien upon all funds in the Trustee's possession for the payment of its administrative expenses pursuant to In re Southwest Restaurant Systems, Inc., 607 F.2d 1243 (9th Cir. Ariz. 1979).

2. Such law firm has agreed to represent the Debtors with regard to the confirmation of their Chapter 13 Plan. This is the Debtors' attorney's first fee application in this case.

3. The Debtors paid the sum of $500.00 prior to the filing of the Debtors' Chapter 13 Plan. Debtors' counsel requests fees and expenses in the amount of $3,500.00 be approved to be paid from funds collected by the Chapter 13 Trustee in the form of plan payments.

4. Services rendered by Farnsworth Law Offices include:

(a) Attorney conferences for the analysis of the Debtors' financial position, advice, and counsel regarding the application of 11 U.S.C. Chapters 7, 11, and 13.

(b) Assistance with and the processing of information necessary to the preparation of the

1
2
3

official forms required by the Court to be filed with a Chapter 13 petition. The actual preparation of the Debtors' Petition, Schedules A-J, Statement of Financial Affairs, Chapter 13 Plan, Master Mailing List, and all corresponding declarations.

4

(c) Document copying and mailing necessary for the noticing out of the Chapter 13 Plan to all interested parties.

5
6

(d) Representation at the first meeting of Creditors and at all hearings on confirmation of the original Plan.

7

(e) Client consultations, Creditor negotiations and conferences, and representation as regards the Chapter 13 Trustee and other interested parties.

8
9

5. Administrative fees and costs under this application are to be paid prior to all Creditor claims as provided in 11 U.S.C. §507(a)(1). Fees requested in this application are not being shared. This application represents only fees and costs incurred by Debtors' counsel.

10
11
12
13

By signing below, the Debtors acknowledge that they have read the foregoing Plan and approves of its content and reasonable likelihood of success. The Debtors also acknowledge that they:

14

___GL___  ___AL___  has filed all required state and federal tax returns.

15

_____  _____  will file any unfiled returns within 30 days of today's date.

16
17

_____  _____  understands that if self-employed they must submit business operating statements to the Court and Trustee on a monthly basis.

18

_____  _____  has adequate full coverage insurance on all financed automobiles.

19

___GL___  ___AL___  is aware of the great importance of making all post-petition mortgage payments on their home if purchasing the same.

20
21

Plan dated this ___26TH___ day of ___August___, 2009.

22
23
24
25

\s\ George Lopez Jr_____
George Lopez, Jr.

\s\ Alice K Lopez_____
Alice K. Lopez

26
27

\s\ Dwayne Farnsworth ( #13209)___
Attorney for Debtors
FARNSWORTH LAW OFFICES

28

## PLAN ANALYSIS

Debtors: George and Alice Lopez                    Case No. _____

Prior: Bankruptcy (    )      Chapter 13 (    )      Date: _____

Estimated length of Plan: 36 months

TRUSTEE USE:
Section 341 (a) Meeting Date:_____
Continued: _____
Confirmed Date:_____

### TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A.  TOTAL PRIORITY CLAIMS:

    1.  Unpaid attorney fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  3,500.00

    2.  Taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  0.00

    3.  Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  0.00

B.  TOTAL OF PAYMENTS TO CURE DEFAULTS . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  12,284.00

C.  TOTAL OF PAYMENTS ON SECURED CLAIMS  . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  0.00

D.  TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS*  . . . . . . . . . . . . . . . .  $  8,516.00

E.  SUBTOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  24,300.00

F.  TOTAL TRUSTEE'S COMPENSATION (10% of Debtor(s)' payments.)  . . . . . . . . . . . . .  $  2,700.00

G.  TOTAL DEBT AND ADMINISTRATIVE EXPENSES  . . . . . . . . . . . . . . . . . . . . . . . . .  $  27,000.00

*This treatment can change without further notice.  Please refer to paragraph (J)(1) of the Plan.

### CHAPTER 7 RECONCILIATION

H.  INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED

    1.  Value of Debtor(s)' interest in nonexempt property . . . . . . . . . . . . . . . . . . . . . . . . .  $  0.00

    2.  Plus: value of property recoverable under avoiding powers  . . . . . . . . . . . . . . . . . . . . .  $  0.00

    3.  Less: estimated Chapter 7 administrative expenses  . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  0.00

    4.  Less: amounts payable to priority Creditors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  0.00

    5.  Equals: estimated amount payable to general unsecured Creditors if Chapter 7 filed . . . .  $  0.00

I.  ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER Ch. 7 . .  $  0.00

J.  ESTIMATED DIVIDEND UNDER PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  8,516.00

**IF THERE ARE ANY DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.